## THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY V. JESSE MORRILL.
### No. 15,164.   (91 Pac. 1131.)

Error from Smith district court; RICHARD M. PICKLER, judge.   Opinion filed July 5, 1907.   Affirmed.

*M. A. Low,* and *Paul E. Walker,* for plaintiff in error.

*J. T. Reed,* for defendant in error.

*Per Curiam:* The defendant in error was a section-hand in the employment of the plaintiff in error, at the station of Kensington, in Smith county.   The company had a pump-house and well there in charge of H. L. Worley.   On December 31, 1902, Worley had occasion to be absent and requested Joseph Giroux, who was the section-boss, to look after the pump-house, build a fire, sweep out, and see that everything was all right.   Morrill was directed by Giroux to do this.   Worley had also requested him to do so whenever he was away.   Morrill went to the pump-house as directed, and before leaving lifted a trap-door and looked down in the well to see if everything was right.   He heard a noise which he thought might be escaping steam.   The well was sixty feet deep, and about twenty feet across.   It was

provided with ladders so constructed that the pumper could descend into the well to examine the pipes, which he did every day. Morrill went down to ascertain the cause of the noise, and the ladder gave way and he fell on a cross-timber and was injured. On August 3, 1903, he commenced this action in the Smith county district court, where he recovered a judgment for $2000, on September 12, 1905. The railway company brings the case here.

It is claimed that the plaintiff, when injured, was not engaged at work which he was employed by the company to do and therefore he has no cause of action against it. It is also claimed that no negligence on the part of the company was shown. Numerous other questions have been presented, but they are all involved in these two. The only evidence on the subject shows that the plaintiff was sent to the pump-house to look after things and see that they were all right by the pumper, Worley, and the section-boss, Giroux, who were authorized by the company to do so. It is also amply shown that the structure by which descent was made in the well had been erected some fifteen years before, and was thoroughly decayed and rotten. It did not appear that it had ever been inspected. The decayed condition was not apparent from the upper surface of the timbers, but was easily seen by a casual look at the under side. The jury by their general verdict found that the company was negligent. We are unable to find error, and the judgment is affirmed.